

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9135 | **DATE** | 12/21/2004 |
| **CASE TITLE** | TIG Specialty Ins. vs. Executive Risk Indemnity, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Summary Judgment [9-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion for Summary Judgment [9-1] is granted. Defendant's Motion for Summary Judgment [18-1] is denied. See attached order. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 2 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIG Specialty Insurance, )
Individually and as Subrogee of )
William F. Askinazi, )
)
Plaintiff, )
)
v. ) Case No. 02 C 9135
)
) HONORABLE CHARLES R. NORGLE
Executive Risk Indemnity, Inc., )
)
Defendant. )

**OPINION AND ORDER**

DOCKETED
DEC 23 2004

CHARLES R. NORGLE, Sr., District Judge

Before the court is Plaintiff's Motion for Summary Judgment. For the following reasons, Plaintiff's Motion for Summary Judgment is granted.

### I. BACKGROUND[1]

**A. Facts**

This cause of action arises out of an association between William Askinazi ("Askinazi"), an attorney, and the Pennsylvania law firm of Greitzer & Locks ("GL"). In 1999, Askinazi and GL entered into a Joint Venture and Fee Agreement for the purposes of "preparing and prosecuting one or more state or national class actions arising from defective design of automobile seat latch and seat restraint mechanisms." Pl.'s Stmt. of Mat. Facts, Ex. A. In addition, the agreement provided that Askinazi would assist the Project as strategist, and GL would act as the trial lawyers and

---

[1] The court takes the undisputed facts from the parties' Local Rule 56.1 Statements, and notes disputed facts within the text.

1



collect all the attorneys fees. GL would then pay Askinazi a portion of these fees for his efforts. In June, 1999, GL filed a lawsuit in the Court of Common Pleas for Philadelphia County on behalf of Brian Lipscomb ("Lipscomb") and against Ford Motor Company, General Motors, Saturn, and DaimlerChrysler ("DC"). In October 1999, DC obtained a dismissal in the case, and in November, filed a federal lawsuit against Askinazi, GL, and Lipscomb. The suit was based on Pennsylvania's Dragonetti Act, a codified version of the common law tort of malicious prosecution, which focuses on negligence or the lack of probable cause in the commencement of lawsuits. See 42 PA. CONS. STAT. § 8351 (2004). DC based its suit on the fact that GL and Askinazi lacked probable cause to bring their claim because Lipscomb did not own a DC car. TIG, Askinazi's professional liability insurer, defended him in the DC lawsuit and paid $135,380.45 in legal expenses. TIG eventually settled the claim on behalf of Askinazi for $25,000.00. Pl.'s Stmt. of Mat. Facts, Ex. C, ¶ 5. At the time of the DC lawsuit, Defendant Executive Risk Indemnity, Inc. ("ERI") insured GL for professional liability. In December, 1999, when Askinazi inquired as to whether he was insured under the ERI policy, GL sent a letter to ERI asking about Askinazi's status. In July, 2000, ERI denied coverage for the claim, stating that Askinazi was not covered under the policy.

## B. Procedural History

On November 20, 2002, TIG filed this action in the Circuit Court of Cook County, Chancery Division. On December 17, 2003, the case was removed to the United States District Court for the Northern District of Illinois, with jurisdiction based on diversity. TIG, as subrogee for Askinazi, requests a Declaratory Judgment and damages based on ERI's failure to indemnify Askinazi for the DC action under GL's insurance policy. On April 2, 2004, TIG filed a Motion for Summary Judgment. On May 24, 2002, ERI filed a cross Motion for Summary Judgment. Plaintiff's Motion for

2

Summary Judgment is now fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When the defendant moves for summary judgment, the court must view the record and all inferences in a light most favorable to the plaintiff. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the

3

plaintiff's favor must be drawn from specific facts identified in the record that support the plaintiff's position. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922-23 (7th Cir. 1994). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

## B. Askinazi is covered under the ERI policy with GL

The insurance policy at issue states: " 'Insured' means the Firm and each person who was, is or becomes:. . . (3) 'counsel' or 'of counsel' to the Firm." Pl.'s Stmt. of Mat. Facts, at 2. Therefore, if Askinazi is considered either part of the firm, or "of counsel," ERI must indemnify TIG for the legal expenses paid to defend, and settle the DC action on behalf of Askinazi. While the term "of counsel" is not defined in the insurance policy, if there is an ambiguity in the language of the policy, that ambiguity must be construed in favor of the insured, and against the insurer. See Fleishman, M.D. v. Gen. Am. Life Ins. Co., 839 A.2d 1085, 1088 (Pa. Super. 2003); see also Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983).

ERI's counsel stated that the insurance policy only intended to cover attorneys "of counsel" who are "affiliated with a law firm, though not a member, partner, or associate." Pl.'s Stmt. of Mat. Facts, Ex. F, p. 2. It is ERI's position that Askinazi was not employed by GL, but instead was affiliated with his own law firm to assist in the litigation of the class action suits. Therefore, ERI claims, Askinazi and GL are two separate entities, each responsible for their own liability insurance. However, the term "of counsel" lends itself to more than one definition. "Of counsel" is also defined as "a lawyer employed by a party in a case. . . one who, although not the principal attorney of record— is employed to assist in the preparation or management of the case." Blacks Law Dictionary (Seventh Ed. 1999). Therefore, an ambiguity exists as to the definition of "of counsel." Such ambiguity must

4

be construed in favor of the insured.

A plain reading of the Joint Venture and Fee agreement shows that Askinazi acted in an "of counsel" capacity in his relationship with GL. Askinazi received only a portion of the fees paid to the firm, he consulted, advised, and developed strategy for the class actions suits, and was not considered a trial attorney for purposes of the litigation. Moreover, the pleadings in both the GL class action suit and the DC action designate Askinazi as "of counsel" to its firm. Pl.'s Stmt. of Mat. Facts, Ex. 2, at 18, Ex. 6. Therefore, it is clear that Askinazi acted in the capacity as "of counsel" to GL, and is entitled to coverage under ERI's insurance policy. Even if Askinazi was classified as "of counsel" under ERI's definition, he would still be covered. There is no doubt that Askinazi was "affiliated" with GL during the class action litigation, by virtue of his extensive involvement in drafting pleadings, opinions on strategy, and several meetings with and expert witness. As a result, there is no question of material fact that as to Askinazi's status with GL. TIG's Motion for Summary Judgment is therefore granted.

### III. CONCLUSION

For the reasons stated above, the court grants the Plaintiff's Motion for Summary Judgment. IT IS SO ORDERED.

ENTER:

_____

CHARLES RONALD NORGLE, SR. Judge

United States District Court

DATED: 12-22-04